UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-204** |
| **TIM JACKSON** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Tim Jackson's Motion in Opposition to the Government's Notice of Intent to Admit Intrinsic and "Other Act" Evidence (Doc. 1657). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

This matter arises out of alleged gang activity by a criminal organization known as the "Byrd Gang" in and around New Orleans, Louisiana, beginning on a date unknown but prior to January 2014 through the date of the Second Superseding Indictment in August 2021. Ten defendants were charged in the Second Superseding Indictment. Only Tim Jackson remains for trial.[1] Defendant Jackson is charged with participating in a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy, a drug trafficking conspiracy,

---

[1] Three of the defendants were tried in an earlier jury trial. The remaining pleaded guilty.

1

and a firearms conspiracy. The RICO charge lists 50 Overt Acts, including instances of drug distribution, firearm possession, arrests, shootings, and murders. The Government alleges that the Byrd Gang controlled the drug trade in a certain area of the city through various acts of violence.

On November 12, 2025, the Government noticed its intent to introduce at trial evidence of four distinct events involving Defendant, arguing that the evidence is intrinsic to the charges, but if not, is admissible as extrinsic evidence of other acts under Federal Rule of Evidence 404(b).[2] The Government also noticed its intent to introduce a fifth event that it contends is admissible as extrinsic evidence of other acts under Federal Rule of Evidence 404(b). Defendant opposes the introduction of this evidence at trial. This Court will discuss each event in turn.

## LAW AND ANALYSIS

### I. Intrinsic Evidence

The Government alleges that the first four events at issue are intrinsic to the crimes charged and therefore admissible without reference to Rule 404(b).[3] "It is well established that where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the Government's proof."[4] The Fifth Circuit has held "that the government is not limited to overt acts pleaded in proving a conspiracy. It may show other acts of the conspirators

---

[2] Doc. 954.

[3] Federal Rule of Evidence 404(b) provides that extrinsic "evidence of a crime, wrong, or other act," though not admissible to prove character, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

[4] United States v. Watkins, 591 F.3d 780, 785 (5th Cir. 2009).

occurring during the life of the conspiracy."[5] "Acts committed in furtherance of the charged conspiracy are themselves part of the act charged. Thus, evidence of such acts constitutes intrinsic evidence—that is, direct evidence of the charged conspiracy itself."[6] In addition, "[e]vidence is intrinsic to a conspiracy if it is relevant to establish how the conspiracy came about, how it was structured, and how the appellant became a member."[7] "Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged."[8] With this in mind, the Court considers each event at issue.

### A. Murder of Emanuel Garner

First, the Government noticed its intent to introduce evidence that Defendant murdered Emanuel Garner on May 15, 2007. According to witness testimony to be introduced at trial, Defendant admitted to shooting Garner, a fellow member of the Byrd Gang, after other Byrd Gang members decided Garner had to be killed for his disrespectful behavior. This Court agrees with the Government that this evidence is intrinsic to the RICO and firearm conspiracy charges. The event is direct evidence of the use of violence by the criminal enterprise and Jackson's role as a gunman for the enterprise. Further, the fact that this incident occurred in 2007 is of no moment. The conspiracy alleged in the Second Superseding Indictment began "at a time unknown, but

---

[5] United States v. Quesada, 512 F.2d 1043, 1046 (5th Cir. 1975).
[6] United States v. Mendoza-Alarcon, 140 F. App'x 529, 534 (5th Cir. 2005).
[7] *Watkins*, 591 F.3d at 784.
[8] United States v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005).

3

prior to January 2014." In addition, the Fifth Circuit has held that evidence of prior events may be admissible as intrinsic evidence where, as here, it establishes "how the conspiracy was structured and operated."[9] Here, the date of the incident establishes the continuous, long-standing nature of the Byrd Gang and Defendant's involvement with it. Evidence of the Garner murder is admissible as intrinsic evidence.

### B. Cocaine Conviction

Next, the Government noticed its intention to introduce the fact that Defendant pleaded guilty to possession of cocaine in Orleans Parish Criminal Court on March 7, 2008. The Government contends that this charge is intrinsic to Count 2, which charges Defendant with conspiracy to possess with intent to distribute multiple drugs including cocaine. However, the Government has not provided this Court with any facts surrounding this conviction, including the quantity of drugs that Defendant possessed. This Court therefore cannot say that Defendant's simple cocaine possession is intrinsic to the conspiracy to possess with intent to distribute.[10] Further, the Government has not argued that the conviction is admissible for any particular purpose under Rule 404(b). Accordingly, without more, the Court finds Defendant's 2008 cocaine possession conviction inadmissible.

---

[9] *Watkins*, 591 F.3d at 785.
[10] "A jury could properly infer an intent to distribute from evidence of possession of one drug in a *distributable* quantity." United States v. Cockrell, 587 F.3d 674, 681 (5th Cir. 2009) (emphasis added); *see* United States v. Williams, No. CR 19-204, 2025 WL 605061, at *2 (E.D. La. Feb. 25, 2025) (finding heroin possession charge intrinsic to conspiracy to possess with intent to distribute where the defendant was found with "six grams of heroin concealed in his underwear and admitted to police that he was present at the location to make a drug sale").

4

### C. Murder of Arthur Cunningham

The Government noticed its intention to introduce evidence of Defendant's involvement in the murder of Arthur Cunningham on February 26, 2010. The Government contends that witness testimony will show that Defendant was driving a car from which his co-conspirator shot and killed Cunningham, who was riding his bike. In addition, it will show that Defendant was driving the same vehicle the next day when he was shot in the back and rendered paraplegic. Again, this evidence is intrinsic to the RICO and firearms charges. The events are direct evidence of the use of violence by the criminal enterprise to promote fear and conduct the affairs of the enterprise, as well as Defendant's role in the organization.

### D. Manslaughter Conviction

Finally, the Government noticed its intent to introduce evidence that Defendant pleaded guilty to manslaughter for the murder of Cunningham on January 9, 2012. This evidence is intrinsic to the RICO and firearms conspiracy charges for the reasons discussed above. Accordingly, Defendant's conviction is direct evidence of the crimes charged.

## II. Extrinsic Evidence

The Government also noticed its intention to introduce evidence of an additional event pursuant to Rule 404(b). The Government contends that Defendant was involved in the murder of Brandon Barnes on April 8, 2008. On that date, Defendant and other members of the Byrd Gang shot at members of a rival gang, killing Barnes. Barnes had Defendant's number saved in his phone and had communicated with Defendant prior to the shooting.

5

Defendant's number pinged from a cell tower seven blocks from the scene of the murder immediately before the murder. An eyewitness identified Defendant as one of the shooters from a photographic lineup. Defendant was arrested and charged with second degree murder and attempted second degree murder for Barnes's killing. After a one-day jury trial, he was found not guilty. The Government seeks to introduce this evidence under Rule 404(b) to show Defendant's intent and state of mind in the charged conspiracy offenses, including the overt acts that allege Defendant's involvement in the murders of Kent Franklin and Javon Johnigan.

Rule 404(b) provides that extrinsic "evidence of a crime, wrong, or other act," though not admissible to prove character, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[11] "It is unnecessary that the extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive."[12] The following test, as articulated in *United States v. Beechum*, must be satisfied for evidence to be admissible under Rule 404(b):

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice.[13]

Here, the first prong is easily satisfied. Evidence of the Barnes murder is relevant to Defendant's state of mind and intent as to the charged crimes. "The

---

[11] FED. R. EVID. 404(b).
[12] United States v. Ebron, 683 F.3d 105, 131 (5th Cir. 2012).
[13] *Id.* at 132 (quoting United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)).

6

mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence."[14] "In other words, where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and [the court is] required only to consider whether the requirements of Rule 403 are met under *Beechum*'s second prong."[15]

To determine whether the evidence satisfies the second *Beechum* prong, a court must consider the extent to which the defendant's unlawful intent is established by the other evidence, the overall similarity of the extrinsic and charged evidence, and how much time separates the extrinsic and charged offenses.[16] As discussed above, there are at least two other murders that are intrinsic to the conspiracy that show Defendant's intent and state of mind for the murders of Franklin and Johnigan charged as overt acts. Further, Defendant's involvement in the Barnes murder is dissimilar to his involvement in the Franklin and Johnigan murders in which Defendant was not the triggerman, but rather directed other members of the Byrd Gang to commit the murders.[17] Finally, the Franklin and Johnigan murders occurred in 2016—eight years after the Barnes murder. For all these reasons, the Barnes murder is not overly probative of the Franklin and Johnigan murders. Further, because Defendant was found not guilty of the Barnes murder, the Court finds

---

[14] United States v. Jimenez-Elvirez, 862 F.3d 527, 536 (5th Cir. 2017).
[15] United States v. Cockrell, 587 F.3d 674, 679 (5th Cir. 2009).
[16] *Beechum*, 582 F.2d at 911.
[17] Overt act 19 states that on or about July 18, 2016, defendants Ernest Thomas, Samuel Morton, and Terran Williams shot and killed Kent Franklin. Doc. 415. Overt act 20 states that on or about September 3, 2016, defendant, Tim Jackson directed members of the Byrd Gang to shoot and kill Javon Johnigan.

that the introduction of that evidence would be prejudicial and confusing to the jury. Accordingly, this Court finds that evidence of Defendant's alleged involvement in the Barnes murder is not admissible under Rule 404(b) and is more prejudicial than probative.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion is GRANTED IN PART and DENIED IN PART as outlined herein.

New Orleans, Louisiana this 24th day of November, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**